# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JANE D. ISHMAN, and
MICHAEL L. ISHMAN,

      Plaintiffs,

v.                                                   Civil Action No. 3:04CV21
                                                       (JUDGE BAILEY)

PENN LYON HOMES, INC., d/b/a
PENN LYON HOMES CORPORATION,

      Defendant.

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRE-JUDGMENT INTEREST

This matter is now before the Court for consideration of the Plaintiffs' Motion for Pre-Judgment Interest (Doc. 265). On July 6, 2007, the plaintiffs filed their reply (Doc. 287) to the defendant's response (Doc. 279), and the matter is now ripe for review. For the reasons stated below, **Plaintiffs' Motion for Pre-Judgment Interest (Doc. 265) is GRANTED**, and Penn Lyon is **ORDERED** to pay the West Virginia statutory rate of ten percent per annum on the $86,178.00 award of property damages from July 30, 2001, the date of the installation, until the date of entry of the Judgement Order.

Under West Virginia law, "[p]rejudgment interest is a part of a plaintiff's damages awarded for ascertainable pecuniary losses, and serves to 'fully compensate the injured party for the loss of the use of funds.'" ***Lewis v. Chafin***, 215 W. Va. 11,13 (2003) (quoting ***Miller v. Fluharty***, 201 W. Va. 685, 700 (1997)). Furthermore, under W. Va. Code § 56-6-31, "prejudgment interest on special or liquidated damages is recoverable as a matter of law." ***O'Neal v. Peake Operating Co.***, 185 W. Va. 28, 31 (1991).

In response to the plaintiffs' motion, the defendant asserts that the property damage suffered by plaintiffs constitutes neither special nor liquidated damages under § 56-6-31. However, defendant's allegation is in direct conflict with West Virginia case law indicating that, "[l]iquidated damages as the term is used in W. Va. Code, [§] 56-6-31, are such damages as are reasonably susceptible to calculation." ***O'Neal***, 185 W. Va. at 31. As

such, the $86,178.00 award of property damages at issue clearly constitutes liquidated damages within the meaning of W. Va. Code § 56-6-31.

Defendant's only remaining argument in opposition to the award of pre-judgment interest concerns the application of an amendment to W. Va. Code § 56-6-31, effective January 1, 2007, regarding the appropriate rate of interest. Specifically, Penn Lyon contends that in the event plaintiffs are found to be entitled to pre-judgment interest, interest must be calculated at the amended rate of three percentage points above the Fifth Federal Reserve District secondary discount rate in effect on the second day of January of the year in which the judgment is entered, rather than the ten percent rate in effect when the cause of action accrued. Again, however, defendant's contention is in direct conflict with the West Virginia law. The plain language of W. Va. Code § 56-6-31 expressly indicates that, "the amount of special or liquidated damages shall bear interest at the rate in effect for the calender year in which the right to bring the same shall have accrued." *Id.*

For the foregoing reasons, **Plaintiffs' Motion for Pre-Judgment Interest (Doc. 265) is GRANTED**, and Penn Lyon is **ORDERED** to pay the West Virginia statutory rate of ten percent per annum on the $86,178.00 award of property damages from July 30, 2001, the date of the installation, until the date of entry of the Judgement Order. It is further **ORDERED** that this civil action be **CLOSED** and **RETIRED** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this order to all counsel of record herein.

DATED: July __18__ , 2007

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE